UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| KEITH JAMES PARKINSON, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 91-25-P-H |
| | ) | |
| | ) | Civil No.  06-31-P-H |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |

## DECISION RECOMMENDING SUMMARY DISMISSAL OF
## 28 U.S.C. § 2255 MOTION

Keith James Parkinson has filed a 28 U.S.C. § 2255 motion challenging his sentence imposed by this Court on February 25, 1994. That sentence was, in fact, a re-sentencing after Parkinson's first appeal to the First Circuit. A December 29, 1994, opinion by the First Circuit Court of Appeals affirmed the Court's sentence. See United States v. Parkinson, 44 F.3d 6 (1st Cir. 1994).

The substantive portion of Parkinson's 28 U.S.C. 2255 motion reads:

[Ground one:] Would like the sentence clarified and corrected.
    I was resentenced on the charges I was found guilty of in November of '91. At my resentecing the Honorable Judge Horby enhanced my sentence by 48 months to (not include the time I had done in the State of Ma.
    The reason for the enhancement was clearly stated in the judge[']s reasons. (Attached to Amended Judgment)[1]
    When I was resentenced in February of '94 the judge enhanced my sentence to, in essence, to void the State time I had already done. (Which was only 36 months, rather then the 46 months or 48 months that was mentioned during my resentencing hearing.)

---

[1] This sentence and parenthetical are entered on the form in the place for ground two but appears to be the elaboration of Parkinson's first ground.

[Ground two:] That the Honorable Judge erred by not giving me the time I spent in federal custody.[2]

I spent 7 months in federal custody, when I was taken from the state prison and brought to Maine in June to stand trial for the federal bank robbery charges. I believe I should be entitled to jail credit that I spent in federal custody going to trial from June 1st 1991 to Nov 18, 1991.

[Ground three:] Petitioner was never given an opportunity to challenge the P.S.R. reasons for him being a career criminal at the resentencing.

Honorable Judge Hornby stated that he never considered my criminal history at my first sentencing in Nov of '91 but used and considered it at my resentecing hearing to justify his 4 year enhancement of my sentencing in Feb 94. But Petitioner was never given an opportunity to dispute the allegations made in the Presentence Report that was use to find him a career criminal.

These are the three distinct grounds raised by Parkinson in the motion and all three are attacks on this Court's determinations (or lack thereof) vis-à-vis the 1994 re-sentencing.[3]

The statute of limitation for first-time 28 U.S.C. § 2255 motions such as this is as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] As best as I can tell, while this ground is entered on the form as ground three, this is Parkinson's second distinct ground.

[3] Only for argument's sake am I assuming that these challenges are cognizable as 28 U.S.C. § 2255 grounds.

28 U.S.C. § 2255 ¶ 6. Based on Parkinson's representations in his 28 U.S.C. § 2255 motion and given the fact that he is clearly only challenging this Court's 1994 judgment, I cannot see how this 2006 motion could possibly be timely. Accordingly, pursuant to Rule 4(b) of the Rule Governing Section 2255 Proceedings, I recommend that the Court **SUMMARILY DISMISS** the motion because it is untimely.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 10, 2006.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge